CORINNE S. KOSHLAND, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 38668, 39877. Promulgated February 17, 1953.

*Willard L. Ellis, Esq.*, for the petitioner.
*Dan S. Morrison, Esq.*, for the respondent.

862

**OPINION.**

HARRON, *Judge:* The question to be decided is whether interest in the amount of $16,500 is attributable to property held for the production of rents within the meaning and intent of section 22 (n) (4).[1]

Upon the evidence, it has been found as a fact that the notes upon which the interest in question has been paid were unsecured purchase money notes. It is concluded, therefore, that the interest represents a deduction attributable to property held for the production of income under section 22 (n) (4). It is immaterial that the notes were not secured by a mortgage on the property. Cf. *Wharton* v. *United States,*

---

[1] (n) DEFINITION OF "ADJUSTED GROSS INCOME".—As used in this chapter the term "adjusted gross income" means the gross income minus—

(1) TRADE AND BUSINESS DEDUCTIONS.—The deductions allowed by section 23 which are attributable to a trade or business carried on by the taxpayer, if such trade or business does not consist of the performance of services by the taxpayer as an employee;

*     *     *     *     *     *     *

(4) DEDUCTIONS ATTRIBUTABLE TO RENTS AND ROYALTIES.—The deductions (other than those provided in paragraph (1), (5), or (6)) allowed by section 23 which are attributable to property held for the production of rents or royalties;

(N. D., Alabama, June 5, 1952) an unreported case. Also, it is immaterial that the petitioner with the consent of the lenders has elected to let the indebtedness on the notes continue uncurtailed for a long time.

Our attention has not been directed to any accounting practice or rule which would treat the interest in question in any way other than a general expense of carrying the rental property, the interests in the property having been acquired with the proceeds of the loans evidenced by the notes, just as the property taxes on the rental property are treated as a direct expense of carrying the property, a point not in dispute which the petitioner apparently concedes. Since the notes on which the interest is paid were in fact purchase money notes, it is proper accounting practice according to our understanding to treat the interest on the notes as an expense of the rental property. Accordingly the interest squarely comes within the scope of section 22 (n) (4).

Consideration has been given to the report of the Senate Committee on Finance which accompanied the Individual Income Tax Act of 1944, and which contains a lengthy explanation of the purposes of the new provisions which were enacted as section 22 (n) of the Code. For convenience, the pertinent parts of the committee report are set forth in the margin.[2] See, also, Supplement to Regulations 111, p. 43, section 29.22 (n)–1.

---

[2] S. Rept. No. 885, 78th Cong., 2d Sess., p. 24 ; 1944 C. B. 877 :

SECTION 8. ADJUSTED GROSS INCOME.

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

Subsection (a) of this section amends section 22 of the Code by adding subsection (n) thereto for the purpose of defining the new concept "adjusted gross income," which is used in determining the tax under Supplement T. The tax table provided in section 400 is divided into brackets representing amounts of adjusted gross income. Adjusted gross income also constitutes the base which determines whether the optional standard deduction of $500, as provided in section 9 of the bill, is applicable. The proposed section 22 (n) of the Code provides that the term "adjusted gross income" shall mean the gross income computed under section 22 less the sum of the following deductions : (1) Deductions allowed by section 23 of the Code, which are attributable to a trade or business carried on by the taxpayer not consisting of services performed as an employee ; (2) deductions allowed by section 23 which constitute expenses of travel, meals, and lodging paid or incurred by the taxpayer while away from home in connection with the performance by him of services as an employee ; (3) deductions allowed by section 23 (other than expenses of travel, meals, and lodging while away from home) which consist of expenses paid or incurred in connection with the performance of services as an employee under a reimbursement or other expense-allowance arrangement with his employer ; (4) deductions allowed by section 23 which are attributable to rents and royalties ; (5) deductions not included in the deductions before mentioned, for depreciation and depletion allowed under section 23 (1) and (m) to a life tenant of property or to an income beneficiary of property held in trust ; and (6) deductions (other than those which would be considered business losses) which are allowed by section 23 as losses from the sale or exchange of property.

Fundamentally, the deductions thus permitted to be made from gross income in arriving at adjusted gross income are those which are necessary to make as nearly equivalent as practicable the concept of adjusted gross income, when that concept is applied to different types of taxpayers deriving their income from varying sources. Such equivalence is necessary for equitable application of a mechanical tax table or a standard deduction which does not depend upon the source of income. For example, in the case of an indi-

The explanation in the report of the Senate Finance Committee (footnote 2), of the purpose of subsection (4) is that "gross income derived from rents and royalties is reduced by the deductions attributable thereto (as defined in clause (4)) in order that the resulting adjusted gross income will be on a parity with the income from interest and dividends in respect of which latter items no deductions are permitted in computing adjusted income." Also, it is stated in the committee report that the term "attributable" "shall be taken in its restricted sense; only such deductions as are, in the accounting sense, deemed to be expenses directly incurred * * * in the rental of property * * *." All of the explanation in the committee report of the meaning and purposes of section 22 (n) and, in particular, of its subsections, as we read and understand the explanation, leads to the conclusion, under the facts of these proceedings, that the interest in question is "attributable" to the rental property purchased with the loans, within the "restricted sense" of the term "attributable."

The respondent's determination that the interest in question comes within subsection (4) of section 22 (n) is sustained. It follows that the amount of petitioner's adjusted gross income in each taxable year has been determined correctly, and that the amounts of the allowable deductions for 1948 and 1949 under section 23 (o) for charitable contributions have been correctly determined.

Reviewed by the Court.

*Decisions will be entered for the respondent.*

---

vidual merchant or store proprietor, gross income under the law is gross receipts less the cost of goods sold; it is necessary to reduce this amount by the amount of business expenses before it becomes comparable, for the purposes of such a tax table or the standard deduction, to the salary or wages of an employee in the usual case. Similarly, the gross income derived from rents and royalties is reduced by the deductions attributable thereto (as defined in clause (4)) in order that the resulting adjusted gross income will be on a parity with the income from interest and dividends in respect of which latter items no deductions are permitted in computing adjusted gross income.

The deductions described in clause (1) above are limited to those which fall within the category of expenses directly incurred in the carrying on of a trade or business. The connection contemplated by the statute is a direct one rather than a remote one. For example, property taxes paid or incurred on real property used in the trade or business will be deductible, whereas State income taxes, incurred on business profits, would clearly not be deductible for the purpose of computing adjusted gross income. Similarly, with respect to the deductions described in clause (4), the term "attributable" shall be taken in its restricted sense; only such deductions as are, in the accounting sense, deemed to be expenses directly incurred in the rental of property or in the production of royalties. Thus, for this purpose, charitable contributions would not be deemed to be expenses directly incurred in the operation of a trade or business, or in the rental of property or the production of royalties, so as to be within the provisions of either clause (1) or clause (4).

\* \* \* \* \* \* \*

Subsection (b) of this section contains an amendment to section 23 (o) of the Code, relating to the deduction for charitable contributions. This section is amended to allow as a deduction from gross income charitable contributions of an individual to the extent that the amount of such contributions does not exceed 15 per cent of the taxpayer's adjusted gross income rather than 15 per cent of the taxpayer's net income computed without the benefit of the deduction. The effect of this amendment is generally to enlarge the amount of tax benefit which may be received by an individual who makes large gifts to charity.